IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIE A. HOWELL, | ) | C/A No. 4:07-1582-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| COLIE L. RUSHTON, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    Petitioner, Willie A. Howell ("Petitioner/Howell"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on June 8, 2007. Respondent filed a motion for summary judgment on August 3, 2007, along with a return and supporting memorandum. The undersigned issued an order filed August 6, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response on September 10, 2007.

## I. PROCEDURAL HISTORY

    The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Petitioner is presently confined in the McCormick Correctional Institution of the South Carolina Department of Corrections (SCDC), pursuant to commitment orders from the York County Clerk of Court. The York County Grand Jury indicted Petitioner at the September 1987, term of court for Murder and Use of a Firearm or Knife During the Commission of a Crime (87-GS-46-2043), Assault and Battery with Intent to Kill and Use of a Firearm or Knife During Commission of a Violent Crime (87-GS-46-2044), and Assault and Battery with Intent to Kill and Use of a Firearm or Knife During Commission of a Violent Crime (87-GS-46-2045). App. 1-10. Michael L. Brown, Jr. And Samuel B. Fewell, Jr., Esquires, represented him on these charges.

On December 8, 1987, he received a jury trial before the Honorable Robert L. McFadden, and he was found guilty as charged. Judge McFadden sentenced him to Life imprisonment and five (5) years consecutive on indictment 87-GS-46-2043, twenty (20) years and five (5) years concurrent for indictment 87-GS-46-2044, and twenty (20) years and five (5) years concurrent for indictment 87-GS-46-2045. Tr. 435-36.[2]

Petitioner timely served and filed a notice of appeal. Mr. Brown and Mr. Fewell represented him on appeal. On October 10, 1988, Petitioner filed his Final Brief of Appellant, in which he presented the following questions for review:

1.   Did the lower court err in not severing the assault and battery with intent to kill indictment on Steve McBeth?

2.   Did the lower court err in failing to charge involuntary manslaughter as to the

---

[2] Respondent asserts that the trial transcript was not included in the Appendix to the August 9, 2006, Petition for Writ of Certiorari and no appeal was taken from the denial of relief in his original Post-Conviction relief (PCR) Application, 96-CP-46-59. Respondent therefore attached a copy of the transcript ordered in connection with Petitioner's direct appeal. Also, Respondent asserts there is no transcript of the PCR evidentiary hearing because one was not ordered as the result of the Petitioner's failure to timely seek certiorari.

>   indictment concerning murder?
>
> 3. Did the lower court err in not granting a mistrial or a new trial because the state failed to provide the defense with certain exculpatory evidence until the second day of trial and failed to provide other discovery?
>
> 4. Did the lower court err in its charge to the jury as to the duty to retreat in its charge concerning self-defense?
>
> 5. Did the lower court err in not directing a verdict for the defendant or granting a new trial because the evidence did not sustain the guilty verdict on all three indictments?

Brief of Appellant at p. 1. The State filed a Brief of Respondent on November 9, 1988. Assistant Attorney General Norman Mark Rappaport represented the State on appeal.

On January 2, 1990, the South Carolina Supreme Court affirmed the Petitioner's conviction. *State v. Howell*, Memo. Op. No. 90-MO-010 (S.C. Sup. Ct. filed January 2, 1990).

Petitioner filed a *pro se* Post-Conviction Relief (PCR) Application (96-CP-46-59) on January 16, 1996, in which he alleged only ineffective assistance of counsel. *See* 96-CP-46-59 APCR. The State filed its Return on June 25, 1996.

The Honorable J. Derham Cole held an evidentiary hearing into the matter on January 29, 1997, at the Moss Justice Center of York County.[3] Petitioner was present at the hearing; and James W. Hancock, Esquire, represented him. Assistant Attorney General Matthew McGuire represented the State. Petitioner testified on his own behalf, while the State presented the testimony of trial counsel, Mr. Brown.

On March 17, 1997, Judge Cole denied and dismissed the Application in an Order of Dismissal. The Order of Dismissal addressed the merits of his claims that trial counsel was

---

[3] In Respondent's memorandum, he states that he does not have a copy of the transcript from this hearing.

3

ineffective for (1) failing to perfect appeal; (2) failing to call Applicant's witnesses at trial; and (3) not meeting with Petitioner on a sufficient number of occasions. App. 12-17.

Petitioner next filed a second *pro se* Post-Conviction Relief Application (04-CP-46-190) on February 16, 2004, in which he alleged the following grounds for relief:

1. New Post Conviction Relief; pursuant to Austin, P.C.R. Counsel Failure to timely seek review of the denial of a P.C.R., pursuant to "Austin." (Sic).

App. 18-23. The State made its Return on April 29, 2005.

The Honorable John C. Hayes, III, held an evidentiary hearing into the matter on November 1, 2005, at the Moss Justice Center of York County. Petitioner was present at the hearing; and F. Lee O'Steen, Esquire, represented him. Assistant Attorney General Julie M. Thames represented the State. Petitioner testified on his own behalf, while the State presented the testimony of Petitioner's first PCR counsel, Mr. Hancock. The State argued that the PCR Application was barred by the equitable doctrine of laches. App. 24-43.

On November 2, 2005, Judge Hayes signed an Order of Dismissal denying and dismissing the Application 04-CP-46-190. He found that it was time barred under the doctrine of laches. He specifically found that there was a delay of eight years and nine months from his first PCR hearing, until January 28, 2004, to file his second application for relief. Judge Hayes concluded the delay by Petitioner was unreasonable; and, that the delay prejudiced the State because a transcript of the original PCR hearing could not be obtained due to the passage of time. Judge Hayes further found that Petitioner was familiar with his right to appeal from his direct appeal and had instructed collateral counsel to appeal any adverse Order before the first PCR hearing; and that he could have pursued an appeal, even assuming counsel had failed to follow his instructions and appeal the

adverse Order. App. 44-48. A timely notice of appeal was served and filed.

Assistant Appellate Defender Kathrine Hudgins represented him in collateral appellate proceedings. The State was represented by Ms. Thames. On August 9, 2006, the Petitioner filed a Petition for Writ of Certiorari. The only question presented in the Petition for Writ of Certiorari was stated as follows:

> Did the lower court err in finding the second PCR application time barred under the doctrine of laches when the delay was caused by petitioner's reasonable belief that PCR counsel filed the appeal from the denial of the first PCR?

Petition for Writ of Certiorari at p. 2. The State filed a Return to Petition for Writ of Certiorari on September 25, 2006.

The South Carolina Supreme Court filed an Order on May 3, 2007, in which it summarily denied certiorari, and it sent the Remittitur to the York County Clerk of Court on May 21, 2007.

## II. HABEAS ALLEGATIONS

In his pro se Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim:

GROUND ONE:     Denial of due process of right of appeal. Said my appeal was not appealiable (sic).

GROUND TWO:     Denial of effective assistance of appellate counsel.

GROUND THREE:   Denial of due process-improper jury instruction.

GROUND FOUR:    Denial of due process of law and effective assistance of trial counsel.

(Petition).

### III.  SUMMARY JUDGMENT

On August 3, 2007, the Respondent filed a return and memorandum of law in support of his motion for summary judgment. Petitioner filed a response.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material

fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Howell filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." <u>Id</u>. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

### V.   DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. Respondent argues as follows, quoted verbatim:

> His state court convictions became final ninety days after January 2, 1990, the date on which the South Carolina Supreme Court dismissed the appeal and relieved counsel in <u>State v. Howell</u>, Memo opp. No. 90-MO-010 (S.C. Sup. Ct. Filed January 2, 1990), since this was the last day he could file a Petition for Writ of Certiorari to the South Carolina Supreme Court, in the United States Supreme Court. Thus, his convictions became final before the enactment of the AEDPA.
>
> Petitioner's original PCR application was likewise filed prior to enactment of the AEDPA, and those proceedings became final thirty days after March 20, 1997, the day Respondent served Petitioner with the March 17, 1997, Order of Dismissal signed by Judge Cole because this was the last day on which Petitioner could file a notice of appeal to the state supreme court. See Rule 203(b)(2), SCACR. Tolling of the statute of limitations in 2244(d)(1) ended at that point and he did not file any document in either this Court or state court until he filed the second pro se Post-Conviction Relief Application on February 16, 2004.
>
> Nor is Petitioner entitled to equitable tolling of the statute of limitations based upon

collateral counsel's failure to appeal the Order of Dismissal in 96-CP-46-59. (Respondent's memorandum).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[4] Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the <u>latest</u> of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, the South Carolina Supreme Court affirmed the Petitioner's conviction on January 2, 1990. The conviction became final ninety days after January 2, 1990. For convictions that became final before the ADEPA's effective date, the limitations period began on April 24, 1996. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). The period therefore expires on April 24, 1997 (absent tolling). See Hernandez v. Caldwell, 225 f.3d 435, 439 (4th Cir. 2000). As Petitioner's conviction became final before the enactment of the AEDPA, Petitioner had until April 24, 1997, to file his petition.

Petitioner filed his application for post-conviction relief (APCR) on January 16, 1996. Judge Cole denied and dismissed the APCR on March 17, 1997. Petitioner filed a second PCR on February 16, 2004, which was dismissed as being time barred under the doctrine of laches. The South Carolina Supreme Court filed an Order on May 3, 2007, in which it summarily denied certiorari. However, the second PCR application would not be considered "properly filed" and would not toll the limitations period. An application is "properly filed" if it conforms to state rules concerning "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application may be properly filed even if all the claims it contains are meritless or defaulted. Id. In essence, if the state court rejects each individual claim, then the application as a whole was properly filed; on the other hand, if the state court dismisses the entire application without consideration of the individual claims

10

then the application was not properly filed. See id. Petitioner's second APCR was dismissed as time barred and the allegations were not addressed. Thus, Petitioner's collateral proceedings concluded thirty days from the dismissal of his original APCR in March 1997. Petitioner did not file his federal habeas petition until June 8, 2007, with a Houston v. Lack delivery date of June 1, 2007, based on the stamped date on the envelope. This is well beyond the limitations period.

In his response in opposition to the motion for summary judgment, Petitioner asserts actual innocense and argues "there is no statutory limitations for an actual innocense claim as applied to a Brady violation."

The undersigned concludes there is no evidence that warrants equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
> 
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Thus, Petitioner would not be entitled to equitable tolling based on an argument that collateral counsel failed to appeal the Order of Dismissal from his first APCR. Error by the prisoner's collateral review attorney does not justify equitable tolling. See Harris, supra at 330-31. Likewise, it is also clear that a *pro se* prisoner's ignorance of the law is not a basis to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Based on the above reasons, the undersigned finds that the petition is barred by the statute of limitations and Petitioner is not entitled to equitable tolling.

## VI.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #11) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 2, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

13