IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Willie A. Howell, #145258, | ) | C/A NO. 4:07-1528-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Colie L. Rushton, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On October 2, 2007, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and the petition be dismissed as untimely. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on October 22, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner argues that his petition cannot be untimely because he is asserting a claim of actual innocence, and he is therefore freed from the time limits contained in the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), within which his petition should have been filed. Petitioner seems to make two arguments regarding his "innocence." First, Petitioner's objection contends that "an unknown gun" may have fired the shot which killed the victim (freestanding claim of innocence), and that he is "actually innocent" of the conviction due to his attorney's alleged ineffectiveness and the prosecution's alleged *Brady*[1] violation ("gateway" innocence claim).

Petitioner's claim of "actual innocence," however, meets neither the stringent standard of *Herrera v. Collins*, 506 U.S. 390 (1993), where "the threshold showing for [actual innocence as a freestanding constitutional claim] would necessarily be extraordinarily high . . . . ," 506 U.S., at 417, nor the somewhat less demanding standard for "gateway" constitutional claims, announced in *Schlup v. Delo*, 513 U.S. 298 (1995), wherein the Court held that prisoners asserting innocence as a gateway to the consideration of defaulted claims must establish that, in light of new evidence, "it is more

---

[1] 373 U.S. 83 (1963).

likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327.

Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 9, 2007

C:\Documents and Settings\guest\Local Settings\Temp\notesE1EF34\07-1528 Howell v. Rushton e adopt rr dism as untimely.wpd